GLENN v. ROOSEVELT et al.

(Circuit Court, S. D. New York. July 17, 1894.)

EVIDENCE—COMPARISON OF HANDWRITING.

Laws N. Y. 1880, c. 36, which provides that comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine shall be permitted to be made "by witnesses," and that "such

writings and the evidence of witnesses respecting the same may be submitted to the court and jury," does not authorize the submission of the writings to the jury without any comparison by witnesses.

On motion for a new trial.

Burton N. Harrison, for plaintiff.

Thos. F. Wentworth, for defendants.

LACOMBE, Circuit Judge. An examination of the signatures of Cotting to the checks which were put in evidence, and of the signature to the St. Louis subscription list, shows that the jury probably based their conclusion on the comparison of these writings which they were allowed to make. Certainly, if it was error to allow them to make such comparison, their verdict should not stand. The checks were put in evidence under the state statute (chapter 36. Laws 1880), which provides:

"The comparison of a disputed writing with any writing, proved to the satisfaction of the court to be genuine, shall be permitted to be made by witnesses in all trials and proceedings, and such writings and the evidence of witnesses respecting the same may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute."

In the case at bar the checks were proved to the satisfaction of the court to be genuine. No comparison of them with the disputed signature was made by any witness, but they were nevertheless submitted to the jury as evidence of the genuineness or otherwise of the writing in dispute. The plaintiff seasonably objected, and now assigns this as error. The statute in question may have been, as defendants contend, remedial, but it should not, for that reason, be so construed as to open the door for the admission of evidence calculated to mislead the jury. There are such variances in the handwriting of an individual at different times and under different circumstances that it is not difficult to select samples of genuine writing so dissimilar to the one in dispute that a jury, uninstructed as to the fundamental characteristics which underly the variances, may easily fall into error when making their comparison. The case at bar is a conspicuous instance. All the checks, which, of course, bear the signature registered at Mr. Cotting's bank, have a scroll beneath the name, and a capital C of the standard shape. The name as written on the subscription list is without the scroll and has a lower case c written large. In all other respects there is such similarity between them all that it is difficult to understand how any fair-minded person can escape the conviction that they were written by the same hand. Still the jury, impressed no doubt by the different type of the C and by the scroll, reached the opposite conclusion. It is suggestive that no genuine signatures of Cotting to anything but bank checks were introduced for purposes of comparison. The statute, it will be seen, permits the comparison "to be made by witnesses," and it is the "writings and the evidence of witnesses respecting the same," which may be submitted to the jury. Literally construed, it does not warrant the submission to the jury of the genuine writings, unless a comparison with the disputed writing has been made by witnesses. Certainly the "evidence" respecting the genuine

writings which is to be submitted to the jury cannot be the evidence of their genuineness, for that is addressed solely to the court, who is to determine that question to his satisfaction without interference by the jury. And no other "evidence" respecting these genuine signatures is competent, except such as the statute provides for, viz. a "comparison  *   *   *  by witnesses." It is such evidence, therefore, which the statute couples with "such writings" as proof proper to submit to the jury. The diligence of counsel has pre-sented upon their briefs the entire body of state authorities con-struing this statute, and in them there is found nothing which re-quires a different construction. The verdict is set aside, and a new trial ordered.